UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DMCA SUBPOENA TO eBAY, INC., | Case No.: 15cv922-BEN-MDD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART eBAY, INC.'s MOTION TO QUASH**<br><br>**[ECF No. 3]** |

## **BACKGROUND**

On March 27, 2015, Petitioner Barry Rosen ("Rosen") requested the Clerk of this Court to issue a subpoena to Respondent eBay, Inc., ("eBay") pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(h), to identify alleged infringers of material allegedly copyrighted by Rosen. (ECF No. 1). The requested subpoena was issued by the Clerk on April 2, 2015, and, apparently, served on eBay. (ECF No. 2). On April 24, 2015, eBay filed the instant Motion to Quash. (ECF No. 3). The matter was referred to this Court by the Honorable Roger T. Benitez, U. S. District Judge, and a briefing schedule issued on May 14, 2015. (ECF No. 6). Rosen timely filed his response in opposition to eBay's Motion to Quash on May 20,

1

1  2015. (ECF No. 7) and eBay timely replied on May 27, 2015. (ECF No. 9).
2  The matter is now ripe for resolution. The Court finds that it has sufficient
3  information to decide the case without a hearing. As provided below, eBay's
4  Motion to Quash is **GRANTED IN PART AND DENIED IN PART.**

5  **DISCUSSION**

6  eBay's challenge to Rosen's subpoena is twofold: 1) eBay asserts that
7  the subpoena is overbroad; and, 2) that it is invalid because no infringing
8  activity was occurring on eBay's servers at the time the subpoena was
9  served. (ECF No. 3-1). Rosen claims that the subpoena only seeks to obtain
10 identifying information for the alleged subscribers as authorized by the
11 DMCA and is not overbroad. Rosen asserts that if the Court finds the
12 subpoena to be overbroad, the remedy is to modify rather than quash the
13 subpoena. Finally, Rosen states that the DMCA expressly authorizes a
14 subpoena to be issued in these circumstances because there was offending
15 material on eBay's server when the DMCA notification was served.

16 1.  <u>DMCA Procedure</u>

17 The DMCA provides a statutory scheme for copyright holders to notify
18 internet service providers of the existence of allegedly copyrighted material
19 on their servers. 17 U.S.C. § 512(c)(3). A "safe harbor" is provided to

service providers who remove or disable access to allegedly infringing material following receipt of a DMCA notice.  17 U.S.C. § 512(c)(1).  Of particular relevance in this case, § 512(h) provides:

> (h) Subpoena to identify infringer.--
>
> (1) Request.--A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection.
>
> (2) Contents of request.--The request may be made by filing with the clerk--
>
> > (A) a copy of a notification described in subsection (c)(3)(A);
> >
> > (B) a proposed subpoena; and
> >
> > (C) a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that   such information will only be used for the purpose of protecting rights under this title.
>
> (3) Contents of subpoena.--The subpoena shall authorize and order the service provider receiving the notification and the subpoena to expeditiously disclose to the copyright owner or person authorized by the copyright owner information sufficient to identify the alleged infringer of the material described in the notification to the extent such information is available to the service provider.
>
> (4) Basis for granting subpoena.--If the notification filed satisfies the provisions of subsection (c)(3)(A), the proposed subpoena is in proper form, and the accompanying declaration is properly

executed, the clerk shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider.

(5) Actions of service provider receiving subpoena.--Upon receipt of the issued subpoena, either accompanying or subsequent to the receipt of a notification described in subsection (c)(3)(A), the service provider shall expeditiously disclose to the copyright owner or person authorized by the copyright owner the information required by the subpoena, notwithstanding any other provision of law and regardless of whether the service provider responds to the notification.

(6) Rules applicable to subpoena.--Unless otherwise provided by this section or by applicable rules of the court, the procedure for issuance and delivery of the subpoena, and the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum.

As required by § 512(h)(2), Rosen filed with the Clerk notifications provided to eBay pursuant to § 512(c)(3). Rosen filed approximately 92 such notifications emailed to eBay by Rosen regarding allegedly infringing content posted by 61 eBay usernames for dates ranging from January 5, 2012, to March 9, 2015. (ECF No. 3-1 at 5 (using ECF page numbering)) (ECF No. 1-1). The filed subpoena seeks information regarding the persons using the 61 identified eBay usernames. (ECF Nos. 1, 2-1). According to eBay, upon receipt of each notification, eBay investigated the identified

1  listings and disabled access to them.  (ECF No. 3-1 at 6).  By the time the

2  subpoena was received by eBay on March 27, 2015, eBay asserts that no

3  relevant infringing material pertaining to these notifications was available.

4  (*Id.*).

5     2. <u>Validity</u>

6     eBay asserts that the subpoena is invalid because at the time it was

7  obtained and served, access to the allegedly infringing materials had been

8  removed.  In support, eBay relies primarily on *Maximized Living, Inc., v.*

9  *Google, Inc.,* 2011 WL 6749017 (No. C 11-8-0061 MISC CRB, December 22,

10 2011, N.D.CA. ).  eBay accurately reports that the Magistrate Judge stated:

11     This Court . . . holds that the subpoena power of § 512(h) is limited to
       currently infringing activity and does not reach former infringing
12     activity that has ceased and thus can no longer be removed or
       disabled.

13
*Id.* * 6.  In the next sentence, however, in justifying its holding, the Court
14
said:
15
       Most importantly, the plain language of the statute describes [the]
16     notification requirement strictly in the present tense:  "Identification
       of the material **that is claimed to be infringing or to be the**
17     **subject of infringing activity** and **that is to be removed or**
       **access to which is to be disabled."**  § 512(c)(3)(A).
18
*Id.*
19

1   This Court agrees that allegedly infringing material must be available
2   to be removed for the § 512(c)(3) notification to have any effect.  *See* §
3   512(c)(3)(A)(iii).  This Court also agrees that a DMCA subpoena, without a
4   satisfactory notification being served simultaneously with or subsequent to
5   the notification, is not enforceable.  This Court disagrees with eBay that
6   *Maximized Living* requires that the allegedly infringing material remain
7   available, after notification, for an enforceable DMCA subpoena to issue for
8   identifying information of the alleged infringer under § 512(h).

9   In *Maximized Living,* it appears that the applicant ("MLI") requested
10  and obtained a DMCA subpoena to Google on March 22, 2011.  2011 WL
11  6749017 *1.  The alleged infringer, identified as John Doe, moved to quash
12  the subpoena on a variety of grounds.  *Id.*  The court granted the motion to
13  quash on May 25, 2011, because "the documentation initially filed with the
14  Court did not meet the statutory requirements of section 512, and because
15  the subpoena [was overbroad]."  *Id.*  The next day, John Doe advised MLI
16  that the offending material had been removed from Google.  *Id.*  On June
17  24, 2011, MLI sent its DMCA notification letter to Google.  *Id.* *3.  On
18  October 20, 2011, MLI again requested a DMCA subpoena regarding this
19  material.  *Id.* *1.  The requested subpoena was issued and John Doe again

moved to quash. *Id.* The second subpoena resulted in the *Maximized Living* ruling.

It appears that the notification in *Maximized Living* was not served until after the allegedly infringing material had been removed. Consequently, the subpoena obtained related to that notification was unenforceable. Viewed in this light, *Maximized Living* is of little assistance to eBay.

In the instant case, the propriety of the notifications has not been challenged; in fact, the allegedly infringing material was removed as a consequence of the notifications. The question is whether, following a satisfactory DMCA notification, the allegedly infringing material must remain available for an enforceable DMCA subpoena to issue.

This Court finds that the DMCA subpoena issued under these circumstances is valid and enforceable. Section 512(h)(5) provides:

> Upon receipt of the issued subpoena, either accompanying or subsequent to the receipt of a notification described in subsection (c)(3)(A), the service provider shall expeditiously disclose to the copyright owner or person authorized by the copyright owner the information required by the subpoena, notwithstanding any other provision of law and regardless of whether the service provider responds to the notification.

This provision expressly provides that a subpoena may be served upon a provider subsequent to the receipt of the DMCA notification by the provider. And, it provides that the provider must respond regardless of whether the provider took action in response to the notification. Nothing in this subsection suggests that a provider that does respond to the notification by removing the allegedly infringing material need not respond to a subsequently served subpoena to identify the alleged infringer related to the notification. By responding to the takedown notice, the provider gains the safe harbor. The provider's safe harbor does not shield the alleged infringer.

To be clear, the Court finds that a DMCA subpoena is valid whether served simultaneously with a satisfactory DMCA notification or after a satisfactory DMCA notification is served. A satisfactory DMCA notification requires that the allegedly infringing material is present at the time the notification is served. The subpoena is valid and enforceable regardless of whether the provider acts in response to the notification.

2.   <u>Scope of the Subpoena</u>

Having found the subpoena valid and enforceable, the Court must then consider the objections made to the scope of the subpoena. eBay

asserts that the subpoena is overbroad as requiring disclosure of information beyond that which be "sufficient to identify the alleged infringer." *See* § 512(h)(3). eBay also asserts that compliance would impose undue burden upon eBay. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv).

For the 61 usernames identified, the subpoena calls for the production of:

> All identifying information, including the name(s), address(es), telephone number(s), email address(es), and MAC notes ("IDENTIFYING INFORMATION") for the users . . . from the time the account was established to the present, including all IDENTIFYING INFORMATION provided for billing or administrative purposes . . ."

(ECF No. 2-1). eBay asserts that some of these users have accounts going back many years, some for as long as fifteen years. Rosen asserts that this information is necessary to identify the alleged infringers.

The Court agrees with eBay that this subpoena is overbroad to the extent that it calls for the production of information that is more than sufficient to identify alleged infringers. It is not necessary for eBay to provide "all" identifying information for these users; eBay must, however, produce from its records information "sufficient" to identify these alleged infringers.

9

1  eBay asserts that "information sufficient to identify the alleged
2  infringers" is vague and places an inappropriate burden on eBay; that the
3  question of what is "sufficient to identify a user" should be not left to eBay.
4  eBay does not suggest any modification and instead requests that the Court
5  quash the subpoena in its entirety.

6  The Court finds that modifying the subpoena is the appropriate
7  course.  Inasmuch as eBay has declined to weigh in on the quantum of
8  information that may be sufficient to identify the alleged infringer, the
9  Court will do so, as provided below.

## CONCLUSION AND ORDER

11  eBay's Motion to Quash is **GRANTED IN PART AND DENIED IN**
12  **PART.**  The subpoena is valid and is enforceable to the extent that it calls
13  for the production of "sufficient information to identify the alleged
14  infringers."  In that regard, the Court **ORDERS** eBay to produce to Rosen
15  the name, last known address, last known telephone number, any electronic
16  mail addresses associated with each account from January 1, 2012, to the
17  date of the subpoena and any logs of Internet Protocol addresses used to
18  access the subject accounts from January 1, 2012, to the date of the
19  subpoena.

1    Absent further Order of the Court, or agreement of the parties,
2 production must occur no later than thirty (30) days from the date of this
3 Order.
4 DATED:  June 5, 2015

_____
MITCHELL D. DEMBIN
U. S. MAGISTRATE JUDGE